UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK RIVERA,

        Petitioner,

**DECISION AND ORDER
No. 08-CV-6158T**

-vs-

JAMES BERBARY,

        Respondent.

_____

### I. Introduction

*Pro se* petitioner, Frank Rivera ("Petitioner"), has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered December 7, 2005, in New York State, Supreme Court, Erie County, convicting him, after a jury trial, of Burglary in the Second Degree (N.Y. Penal Law ("Penal Law") § 140.25[2]) and Possession of Burglar's Tools (Penal Law § 140.35).

For the reasons stated below, the writ is denied and the petition is dismissed.

### II. Factual Background and Procedural History

On November 20, 2004, at approximately 6:00 p.m., Calvin Spates ("Spates") was in his apartment at 451 Breckenridge in the City of Buffalo, New York. Spates was in bed watching television when he heard several "swish[ing]" sounds. Trial Transcript [T.T.] 26-28. Spates arose from his bed, walked to the kitchen, and

stepped out onto the back porch.  The motion detector lights did not come on.  T.T. 28-29.  Spates then walked onto his driveway, where he saw Petitioner's back and legs sticking out of his bathroom window.  T.T. 30.

Spates asked Petitioner why he was breaking into his apartment.  T.T. 30-31.  Eventually, Petitioner exited the window and responded to Spates' question by saying that some "white guys" had chased him onto Spates' property.  T.T. 31.  Spates did not have an opportunity to view Petitioner's face or observe his build or height, but testified that he had a Hispanic accent.  T.T. 31, 33.

Spates went to call the police, at which point he saw Petitioner ride a 10-speed bicycle down his driveway.  T.T. 34.  As Petitioner turned his bicycle onto Breckenridge, he entered the illumination zone of the street light.  There, Spates observed that Petitioner was wearing a "rain-shine" coat that was "dark colored, black or blue."  T.T. 33-34.

Officer Santos Diaz ("Officer Diaz") of the Buffalo Police Department responded, and assisted Spates in inspecting his apartment.  They noticed damage to several window latches and screens.  Spates told Officer Diaz that his motion detector lights had been unscrewed.  T.T. 38-39.

Officer Diaz notified Officer George Nash ("Officer Nash") by radio that they were looking for a suspect and gave Officer Nash

the description provided by Spates. Shortly thereafter, Officer Nash pulled up in his police cruiser with Petitioner in the back seat and his bicycle in the trunk. T.T. 41, 68-69. Before Petitioner fully exited the vehicle, he began to instruct Spates to tell the officers that Spates did not know him. T.T. 42. Spates immediately stated that he recognized Petitioner's voice as that belonging to the individual who had entered his home. T.T. 42-43, 47.

Petitioner was indicted by an Erie County Grand Jury and charged with burglary in the second degree, possession of burglar's tools, and criminal possession of a controlled substance in the seventh degree.[1]

Petitioner proceeded to trial, and was found guilty of burglary in the second degree and possession of burglar's tools. He was subsequently sentenced to a four year determinate term of imprisonment for the burglary conviction, and a one year definite term of imprisonment for the possession of burglar's tools conviction, both terms to be served concurrently. A five year period of post-release supervision was also imposed. Sentencing Minutes 13.

Petitioner appealed his judgment of conviction, which was unanimously affirmed by the Appellate Division, Fourth Department

---

[1] The controlled substance charge was dismissed before trial.

on November 27, 2003. People v. Rivera, 45 A.D.3d 1487 (4th Dept. 2007); lv. denied, 9 N.Y.3d 1038 (2008).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) insufficiency of the evidence; and (2) the verdict was against the weight of the evidence. Petition [Pet.] ¶ 22A-B. (Dkt. #1).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States,"

limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision.  Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case.  Williams, 529 U.S. at 413; see also id. at 408-10.  "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently."  Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable."  Id.  This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The

presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)." The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a

habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

## IV. Petitioner's Claims

In grounds one and two of the petition, Petitioner argues that the evidence was insufficient to support his convictions for burglary in the second degree and possession of burglar's tools, and that the verdict was against the weight of the evidence.[2] Pet.

---

[2] Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from N.Y. Crim. Pro. L. ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." CPL § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, Petitioner's claim that the verdict was against the weight of the evidence is not cognizable by this Court, and is dismissed.

¶ 22A-B. Petitioner raises his insufficiency of the evidence claim for the first time in the habeas petition, and, to that extent, is unexhausted for purposes of federal habeas review. However, as discussed below, because Petitioner no longer has a state court forum available in which to raise his unexhausted claim, the Court deems the claim exhausted but procedurally defaulted.

To satisfy the exhaustion requirement, a habeas petitioner must have "fairly presented" his federal claim to the state courts. Daye, 696 F.2d at 191. Petitioner has failed to do so. Petitioner was entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals, both of which Petitioner pursued. See C.P.L. § 450.10(1); N.Y. Court R. § 500.20. Collateral review of this claim is also barred because the claim is a matter of record that could have been raised on direct appeal, but unjustifiably was not. See C.P.L. § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate appellate review of the issue); see also Aparicio, 269 F.3d. at 91 (citing C.P.L. § 440.10(2)(c)). Because Petitioner no longer has remedies available to him in the state courts within which to exhaust the claim, the Court deems this claim exhausted but procedurally barred from federal habeas review.

Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural default, nor has he demonstrated that this Court's failure to consider the claim would result in a miscarriage of justice. See Wainwright, 433 U.S. at 87-91.

Accordingly, habeas relief is unavailable to Petitioner, and the claim is dismissed.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with

United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

        S/Michael A. Telesca

        _____
        HONORABLE MICHAEL A. TELESCA
        United States District Judge

DATED:    July 9, 2010
           Rochester, New York